UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JENIECE SIMMONS,**

    **Plaintiff,**

v.                                                  **Case No.:  6:25-cv-423-CEM-NWH**

**INSIGHT GLOBAL, LLC,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on a Joint Renewed Motion to Approve an FLSA Settlement (the "Renewed Motion"), (Doc. 34), with an attached "Revised Settlement Agreement," (Doc. 34-1), filed by the Parties on August 29, 2025.[1] The Court denied a previous motion to approve a settlement without prejudice on Jule 16, 2025 (Doc. 31). Upon review of the Renewed Motion and the Revised Settlement Agreement, the undersigned will respectfully recommend that the Motion be granted, the FLSA Settlement be approved, and the case be dismissed with prejudice.

Plaintiff Jeniece Simmons was employed between September 2024 and January 2025 as a "project manager" by Defendant Insight Global, LLC, a staffing company. (Docs. 1, ¶ 4; 34 at 1). She filed suit on March 11, 2025, asserting three claims: Count I for unpaid overtime under the Fair Labor Standards Act ("FLSA"); Count II for unpaid minimum wages under the FLSA; and Count III for breach of contract. (Doc. 1).

---

[1] The Motion was inaccurately docketed as a Motion to Stay.

The Parties negotiated a settlement of Plaintiff's claims and filed a joint motion for approval on July 1, 2025. (Doc. 30). That motion was denied without prejudice due to several problems with the first settlement agreement, including: the compromise of the non-FLSA claim within the agreement; a confidentiality provision; a general release; a non-disparagement clause; a no-rehire provision; and an amendment provision. (Doc. 31.)

The Parties filed the instant Renewed Motion on August 29, 2025, with a Revised Settlement Agreement attached. The proposed settlement involves a compromise of Plaintiffs' claims; therefore, the Court must review the reasonableness of the proposed settlement. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

## I.    STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated

minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would " 'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id*. (*quoting Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under Section 216(b) to recover back wages for FLSA violations. *Id*. at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*.

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the

> settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, known as the "internal" factors, and whether the settlement frustrates the purpose of the FLSA, known as the "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.,* No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a " 'strong presumption' in favor of finding a settlement fair." *Id*. (*quoting Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).

## II. DISCUSSION

### A. Settlement Sum

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid minimum wage and unpaid overtime compensation plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.")

According to the Settlement Agreement, Defendant has agreed to pay $2,679 to Plaintiff for unpaid overtime compensation and an equal amount in liquidated damages. (Doc. 34-1 at 2). Although the amount of Plaintiff's original claim is not part of the record before the Court, she worked approximately 32 hours during her final week of employment, for which she was not compensated. (Doc. 34 at 8). The parties were zealously represented by counsel, and Defendant claims it maintained lawful policies and procedures for tracking time worked, that no documentation or time entry supported Plaintiff's claim, and that it paid Plaintiff for all hours worked pursuant to its lawful policies. (Doc. 34 at 8). Considering the foregoing, and the strong presumption favoring settlement, I recommend the Court find that the settlement sum in the FLSA Agreement is fair and reasonable.

### B. Attorney's Fees

According to the parties' representations in the Settlement Agreement, Plaintiff's counsel will receive a total of $5,700 for fees and costs for representation of

Plaintiff. (Doc. 34-1 at 2). Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The Parties represent that this amount was negotiated separately from the amount received by Plaintiff, and the settlement is otherwise reasonable on its face, (*see* Doc. 34); therefore, further review is not required. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent . . . that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### C.   Release

The release in the Revised Settlement Agreement is limited to "any and all FLSA and state law wage and hour claims, liquidated damages, attorneys' fees, and costs, arising out of Simmons' employment with [Defendant]." (Doc. 34-1 at 3). The release extends to several non-parties, including "managers or supervisors who may have supervised, managed, directed, or oversaw Simmons' work" and the University of Central Florida. (*Id*.). With respect to that issue, the Parties explain that Plaintiff worked for Insight Global, "which is a staffing company, over a brief, 3.5-month period at the end of 2024. During that time, Insight Global assigned Plaintiff to perform services at the site of its client, UCF." (Doc. 34 at 7). Both parties acknowledge that "FLSA litigants sometimes assert claims jointly against individual supervisors and/or against staffing firm clients." They contend, as a result, that

releasing the FLSA claims set out in the Complaint against this group is appropriate under the circumstances. (*Id.*).

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiff to release unknown claims that are unrelated to the FLSA claim. *Pond v. Red Lambda, Inc.,* No. 6:19-cv-1975-ORL-37EJK, 2020 WL 4808744, at *4 (M.D. Fla. Aug. 3, 2020), *report and recommendation adopted,* No. 6:19-cv-1975-ORL-37EJK, 2020 WL 4785449 (M.D. Fla. Aug. 18, 2020); *Batchelor v. Gen. Mar. Corp.,* No. 6:15-cv-2082-Orl-41KRS, 2016 WL 4467136, at *1 (M.D. Fla. Aug. 24, 2016) (approving release where it was "limited to wage claims."). Furthermore, the FLSA release relates only to the potential FLSA claims and counterclaims between the Defendant "its client" and individuals who supervised or directed Plaintiff's work. *See Ryan v. Loews Orlando Hotel Partner, LLC*, No. 6:20-CV-1075-CEM-EJK, 2021 WL 3117154, at *4 (M.D. Fla. Apr. 7, 2021) (recommending approval of FLSA settlement that encompassed individual supervisors because "although the Release . . . is not limited only to the Defendant, the Release is tailored to unpaid wage and hour claims and claims . . . concerning the same facts or circumstances as those in the instant action."), *rpt. and rec. adopted,* No. 6:20-CV-1075-CEM-EJK, 2021 WL 3117155 (M.D. Fla. Apr. 26, 2021).

Therefore, because the release provision releases only Plaintiff's FLSA and state law wage and hour claims against Defendant, and the limited but relevant released parties, I recommend that the Court find this release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted).

- 7 -

### D. Separate Agreement for Non-FLSA Claims

Finally, the Parties entered into a separate agreement regarding the breach of contract claim. Because *Lynn's Foods*, 679 F.2d at 1355, only requires "compromises of FLSA back wage or liquidated damage claims" to be presented to the District Court for a determination of whether the proposed settlement is fair and reasonable, the Court does not need to review the Parties' settlement of Plaintiff's other claims, provided its terms do not serve to contaminate the Agreement as to the FLSA claim. *See e.g., Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), *report and recommendation adopted*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012) (citing *Coleman v. The Golf Channel, Inc.,* No. 6:09–cv–1254–Orl–DAB (M.D. Fla. filed on May 20, 2010)).

The Parties "agree and represent that the FLSA Agreement is a fair and reasonable resolution of the disputed FLSA claims," (Doc. 34, ¶ 16), and there is no suggestion that the settlement of Plaintiff's other claim in any way undermines the Parties' Agreement. As such, the undersigned recommends that the Court find Plaintiff's compromise and the total settlement amount to be reasonable.

### IV. RECOMMENDATION

Upon consideration of the foregoing, I respectfully **RECOMMEND** that the Court:

    1. **FIND** that the parties' agreement, (Ex. 1 to the Motion, Doc. 34-1), is a fair and reasonable resolution of a bona fide dispute under the FLSA;

2. **DISMISS** this case with prejudice; and

3. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.

**RECOMMENDED** in Orlando, Florida, on September 16, 2025.

_____
NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Presiding District Judge